UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

E.U. and her Parents and next friends,  )
PAUL and PAMELA UHRINA,                 )
                                        )
       Plaintiffs,                      )
                                        )
    v.                                  )   CIVIL NO. 2:07cv238
                                        )
VALPARAISO COMMUNITY SCHOOLS,           )
                                        )
       Defendant.                       )

## OPINION AND ORDER

This matter is before the court on motion for summary judgment filed by the plaintiff, E.U. and her parents and next friends, Paul and Pamela Uhrina ("E.U."), on February 25, 2008. The defendant, Valparaiso Community Schools ("the School"), filed its response on March 31, 2008.  E.U.  declined to file a reply.

Also before the court is a motion for summary judgment filed by the School on March 3, 2008.  E.U. responded to the motion on April 1, 2008, to which the School replied on April 16, 2008.

Additionally, on March 17, 2008, E.U. filed a motion to strike portions of affidavit of Monica Conrad.   The School responded to the motion on March 24, 2008.  E.U. declined to file a reply.

### Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  However, Rule 56(c) is not a requirement that the moving party negate his

opponent's claim. <u>Fitzpatrick v. Catholic Bishop of Chicago</u>, 916 F.2d 1254, 1256 (7th Cir. 1990). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). The standard for granting summary judgment mirrors the directed verdict standard under Rule 50(a), which requires the court to grant a directed verdict where there can be but one reasonable conclusion. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986). A scintilla of evidence in support of the non-moving party's position is not sufficient to successfully oppose summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." <u>Id</u>. <u>In Re Matter of Wildman</u>, 859 F.2d 553, 557 (7th Cir. 1988); <u>Klein v. Ryan</u>, 847 F.2d 368, 374 (7th Cir. 1988); <u>Valentine v. Joliet Township High School District No. 204</u>, 802 F.2d 981, 986 (7th Cir. 1986). No genuine issue for trial exists "where the record as a whole could not lead a rational trier of fact to find for the nonmoving party." <u>Juarez v. Ameritech Mobile Communications, Inc.</u>, 957 F.2d 317, 322 (7th Cir. 1992)(quoting <u>Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986)).

Initially, Rule 56 requires the moving party to inform the court of the basis for the motion, and to identify those portions of the "pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, which demonstrate the absence of a genuine issue of material fact, <u>Celotex</u>, 477 U.S. at 323. The non-moving party may oppose the motion with any of the evidentiary materials listed in Rule 56(c), but reliance on the pleadings alone is not sufficient to withstand summary judgment. <u>Goka v. Bobbitt</u>, 862 F.2d 646, 649 (7th

Cir. 1988); Guenin v. Sendra Corp., 700 F. Supp. 973, 974 (N.D. Ind. 1988); Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir.), cert. denied, 464 U.S. 960 (1983).

So that the district court may readily determine whether genuine issues of material fact exist, under Local Rule 56.1, the moving party is obligated to file with the court a "Statement of Material Facts" supported by appropriate citation to the record to which the moving party contends no genuine issues exist. In addition, the non-movant is obligated to file with the court a "Statement of Genuine Issues" supported by appropriate citation to the record outlining all material facts to which the non-movant contends exist that must be litigated. See, Waldridge v. American Hoechst Corp. et al., 24 F.3d 918 (7th Cir. 1994). In ruling on a summary judgment motion the court accepts as true the non-moving party's evidence, draws all legitimate inferences in favor of the non-moving party, and does not weigh the evidence or the credibility of witnesses. Anderson, 477 U.S. at 249-251, 106 S.Ct. at 2511. Furthermore, in determining the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the "Statement of Genuine Issues" filed in opposition to the motion. L.R. 56.1

Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. Anderson, 477 U.S. at 248. Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute. Id. The issue of fact must be genuine. Fed. R. Civ. P. 56(c), (e). To establish a genuine issue of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586; First National Bank of Cicero v. Lewco Securities

3

Corp., 860 F.2d 1407, 1411 (7th Cir. 1988).  The non-moving party must come forward with specific facts showing that there is a genuine issue for trial.  Id.  A summary judgment determination is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-252.  Finally, the court notes that, "[i]t is a gratuitous cruelty to parties and their witnesses to put them through the emotional ordeal of a trial when the outcome is foreordained" and in such cases summary judgment is appropriate.  Mason v. Continental Illinois Nat'l Bank, 704 F.2d 361, 367 (7th Cir. 1983).

Discussion

On July 16, 2007, E.U. filed a "Complaint for Attorney Fees and Expenses".  In this Complaint, E.U. states that "[t]his is a civil action against the Valparaiso School Corp. . . . to secure an award of attorneys' fees and costs and expert witness fees incurred in an administrative action, in which the plaintiffs succeeded in enforcing the rights of E.U. and her family pursuant to Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. §794)."  E.U. is seeking reimbursement of over $53,000.00 in attorney's fees and expenses.

The following facts underlie E.U.'s claims.  E.U. filed a request for due process with the Indiana Department of Education ("IDOE") on September 12, 2006, against the Valparaiso Community Schools and the Porter County Education Services.[1] The due process request alleged, among other claims, that both defendants failed to identify E.U. as a student with an IDEA disability.  The request also included alleged independent violations of Section 504

---

[1] Porter County Education Services was originally a defendant in the present suit, but it was voluntarily dismissed pursuant to a stipulated voluntary dismissal on September 10, 2007

4

against the Valparaiso Community Schools. In the due process hearing request, E.U. asked that the IDEA and Section 504 issues be heard at one hearing. However, allegedly in accordance with its policies and because of the separate and distinct nature of the claims, on September 15, 2006, the Valparaiso Community Schools appointed an independent hearing officer ("IHO") for the Section 504 issues. E.U. and the School agreed to place the Section 504 Hearing on hold pending the conclusion of the IDEA hearing and receipt of its decision.

On March 22, 2007, the IDEA hearing officer found in favor of Valparaiso Community Schools and Porter County Education Services on all issues presented at hearing. In particular, the hearing officer found E.U. was not eligible as a student with a disability under the IDEA. E.U. appealed the decision to the Indiana Board of Special Education Appeals ("BSEA"), but the hearing officer's decision was upheld. The BSEA decision was issued on June 29, 2007.

Independent of the IDEA appeal process, E.U. and the School proceeded with the Section 504 hearing on June 6 and 7, 2007. The hearing concerned whether the School violated Section 504 and E.U. sought reimbursement for two years of E.U.'s transfer tuition to South Central High School, among other items. The Section 504 hearing officer awarded E.U. only one year of the transfer tuition and mileage costs. The IHO found that for the 2004-2005 school year and first week of the 2005-2006 school year, the School did not meet its burden of demonstrating it provided a free and appropriate public education to E.U.; however, the IHO found that because E.U. failed to meet her burden that her placement at South Central was appropriate, a requirement for tuition reimbursement, reimbursement for tuition for the 2005-2006 school year was denied. The Section 504 decision was rendered on June 18, 2007 and E.U. commenced this action on July 16, 2007.

E.U. is seeking fees and expenses for both the IDEA hearing and the Section 504 hearing and has requested summary judgment on her complaint. The School has filed a cross motion for summary judgment, requesting that the amount of fees be reduced.

E.U. claims that even though she lost the IDEA hearing, she is still entitled to fees and costs because the IDEA hearing was a prerequisite to bringing the Section 504 hearing, and because the testimony developed at the IDEA hearing was helpful to the Section 504 hearing. E.U. also claims that it was the School's fault that two hearings were held instead of one, and thus the School should bear the burden of the cost of both hearings.

The School contends that the issues raised by E.U. in her due process request were distinct and separate which required two administrative hearings, that E.U. agreed to conduct the Section 504 hearing upon conclusion of the IDEA hearing, and E.U. has failed to meet her burden that the fees and expenses she seeks are reasonable and necessary.

The parties agree that the IDEA requires exhaustion and covers "any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." *Charlie F. v. Board of Educ. of Skokie Sch. Dist. 68*, 98 F.3d 989, 991 (7th Cir. 1996).   However, there is no case law to support E.U.'s position that because she was required to pursue the IDEA hearing to exhaust her administrative remedies before pursuing her Section 504 hearing, she is somehow entitled to fees for pursuing that hearing.  While the IDEA contains its own fee-shifting provision[2], fee-shifting is only proper when the plaintiff is the prevailing party.  It is undisputed in this case that E.U. did not prevail at the IDEA hearing.  Accordingly, E.U. is not entitled to her fees and expenses incurred with

---

[2] 20 U.S.C. § 1415(i)(3)(B).

6

respect to the IDEA hearing.

The next issue is whether E.U.'s request for fees for the Section 504 hearing should be reduced due to the degree of success at that hearing. The School does not dispute that E.U. prevailed at the Section 504 hearing. However, the School argues that E.U. is not entitled to full reimbursement for fees incurred for the Section 504 hearing because E.U.'s degree of success is substantially less than what they sought and E.U. failed to carry her burden with regard to a substantial portion of her claims.

The prevailing party inquiry does not turn on the magnitude of the relief obtained, but the amount of the fee award is determined by the degree of success obtained. Linda T. v. Rice Lake Area Sch. Dist., 417 F.3d 704, 708 (7th Cir. 2005). "The degree of the plaintiff's success in relation to the other goals of the lawsuit is a factor critical to the determination of the size of a reasonable fee, not to eligibility for a fee award at all." Texas State Teachers Ass'n v. Garland Ind. Sch. Dist., 489 U.S. 782, 790 (1989). "If a plaintiff has achieved only partial success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." Farrar v. Hobby, 506 U.S.103, 114 (1992).

Although there is no precise rule or formula for making fee determinations in cases with only partial success, the district court may simply reduce the award to account for limited success. Kroencke v. Russellville Sch. Dist., 2005 WL 3503849, at *4 (E.D. Ark. December 21, 2005). The court has great discretion in determining the size of a fee award granted to the prevailing party. Fenneman v. Town of Gorham, 802 F. Supp. 542 (D.C. Maine 1992)(attorney's fees reduced by 80% to reflect the parents' limited degree of success when the IHO denied the parents' request for residential placement, but ordered modification of IEP); Dist

7

of Columbia v. R.R., 390 F.Supp. 2d 38 (D.C. 2005)(court reduced fees for non-prevailing motions citing the prevailing party was not entitled to all time spent litigating a successful claim and fees should be reduced for motions and claims that were unrelated to the successful resolution of the action).

The School points out that E.U. sought reimbursement of two years transfer tuition accounting for the 2005-2006 and 2006-2007 school years but the IHO found partially in E.U.'s favor, awarding one year of transfer tuition. Specifically, the IHO stated:

> In this case, the School did not establish the appropriateness of its placement. It did not follow its own procedures, did not pursue a comprehensive understanding of the student's educational and emotional challenges, did not make meaningful contact with the family for purposes of review/revision of the 504 Plan and therefore was surprised when an abrupt school withdrawal was initiated. The School asserted that they had instituted every accommodation request that was put before them. The parents did not ask for additional accommodations or assistance. The problem is that it was the School who had the affirmative duty to investigate the effects of the student's disability; this involved doing more than a testing accommodation and the allowance of restroom breaks. A collaboration of team members, including the parents, would have provided an opportunity to share information and develop a 504 Plan that may have allowed this student to remain in her community school.
> Equally as troublesome as the School's failure to provide an appropriate placement is the failure of the Petitioners to prove that the unilateral placement, South Central High School, was appropriate. E.U. continued to make academic progress and her attendance did drastically improve. However, her trips to the nurse were equally as frequent as when in attendance at Valparaiso High School. There was no testimony or evidence offered to suggest that South Central staff were more informed, better trained, or had developed/implemented a 504 Plan that was the comprehensive document that Valparaiso High School had failed to create. E.U. attended classes that were approximately the same size as those at Valparaiso High School. E. U. was not undergoing any school-based or private therapy to address her anxiety issues. In fact, there was a lack of any documentation presented to suggest that E.U. even had a 504 Plan while at South Central High School. In effect, Petitioners have not identified the components of the program at South Central High School that made it an appropriate program for E.U.
> The last factor in awarding school tuition reimbursement, under Burlington, is that of equitable considerations. Equitable considerations involve nonlegal

>    reasons regarding fairness that bear upon the merits of a party's legal claim.  In
>    this case, neither party exhibited malice or ill-will against the other.  There simply
>    seemed to be a disconnect in the flow of information about the increasing
>    challenges that faced this student.  In this Hearing Officer's opinion, there are no
>    issues regarding the parties' good-faith dealings with each other.

The hearing officer then proceeded to order the School to reimburse the cost of one school year at South Central High School, including transportation costs.   It is unclear to this court why even one year of tuition and transportation costs were awarded, considering that E.U. failed in her burden of showing that South Central High School was an appropriate placement. Apparently, out of equitable considerations, the Hearing Officer simply cut the award in half to reflect the relative culpability of the two parties.

E.U. now claims that she totally prevailed at the Section 504 hearing, and thus should recover all of her attorney fees and costs.  According to E.U. she "clearly won on most of the issues presented".  The parties agree that the degree of success is relevant to the amount of a fee. See Nagy v. Evansville-Vanderburgh School. Corp., 870 N.E. 2d 12, 18 (Ind. Ct. App. 1997). "The degree of the plaintiff's success in relation to the other goals of the lawsuit is a factor critical to the determination of the size of a reasonable fee. . . ." Texas State Teachers Ass'n v. Garland Ind. Sch. Dist., 489 U.S. 782, 790 (1980). While it is clear that E.U. won many issues at the Section 504 Hearing, she also failed in her attempt to recover all of the requested tuition and expenses reimbursement.  As noted, the reason she did not receive all she requested was because she failed to show that the unilateral transfer to South Central High School was an appropriate placement.  Thus the court agrees with the School that the fee request should be halved, to take into account the degree of success obtained.  See Kroencke, 2005 WL 3503849, at *4 (although there is no precise rule or formula for making fee determinations in cases with only partial

9

success, the district court may simply reduce the award to account for limited success); Fenneman v. Town of Gorham, 802 F. Supp. 542 (D.C. Maine 1992)(attorney's fees reduced by 80% to reflect the parents' limited degree of success when the IHO denied the parents' request for residential placement, but ordered modification of IEP).

The School additionally argues that E.U.'s request for attorneys' fees is unreasonable.[3] When awarding attorney fees, once it is decided that a party "prevailed", the court must then determine what amount of hours was reasonably expended on the case. Brown v. Unified School Dist., 878 F. Supp. 1430, 1436 (D.Kan. 1995). The standard for awarding attorneys' fees is the number of hours reasonably expended times the reasonable rate. Hensley, 461 U.S. at 433. However, the court may exclude hours not "reasonably expended" such as those excessive, redundant and unnecessary. Id. at 434; Mass. Dept. of Pub. Health v. School Comm. of Tewksbury, 841 F. Supp. 449 (D. Mass. 1993).

As noted, E. U. did not prevail at her IDEA hearing. Thus the fees requested that relate to that hearing, $26,993.91, are not recoverable.

The School also argues that E. U. should not be permitted to recover fees and expenses incurred for excessive travel. One of E.U.'s attorneys, Ms. Philpot, had an office in Texas and has billed travel expenses from Texas to Indiana. Ms. Philpot also had an office in Indianapolis, Indiana. Courts have reduced travel expenses for out-of-town counsel, or have refused to compensate for out-of-town travel when a case could be litigated by local counsel. Dillard v.

---

[3] The School has requested that the court defer ruling on E.U.'s request for attorney fees associated with seeking attorney fees reimbursement, so that defenses such as Rule 68 offers of judgment may be properly presented at that time. At the time of the briefing of the motions for summary judgment, these fees totaled approximately $7005.34. The court will grant the School's request.

City of Foley, 995 F. Supp. 1358, 1370 (M.D. Ala. 1998).  Reasonable travel time may be compensated at a reasonable hourly rate, but some travel time which is excessive or related to redundant or unnecessary tasks will be excluded as unreasonable.  George v. GTE Directories Corp., 114 F. Supp. 2d 1281, 1290 (M.D. Fla. 2000).

The record reflects that Ms. Philpot relocated to Galveston, Texas in May 2007.  Thus, Ms. Philpot included travel time and expenses from Texas to Indianapolis, Indiana in her statement of attorney's fees for her attendance at the Section 504 Hearing in June 2007.  The School argues that Ms. Philpot's travel fees and expenses for out-of-town travel should be denied for two reasons.  First, there was local counsel available to litigate the matter, Ms. Catherine Michael, co-counsel in the Section 504 hearing.  As stated in the Plaintiffs' Complaint and Affidavits to support their Motion for Summary Judgment, Catherine Michael is an experienced education attorney in Indiana capable of litigating Section 504 and IDEA hearings. "Catherine M. Michael, Esq. has more than six years experience as an attorney representing persons with disabilities.  She has represented parents and children in administrative hearings and court cases on issues related to the civil rights of children such as the IDEA and Section 504, since 2001.  (Docket Entry 1 at ¶ 25).

Second, the record shows that Ms. Philpot still holds an office in Indianapolis, Indiana and is local counsel.  The School contends that it is unreasonable for Ms. Philpot to bill for her travel time from Texas to Indianapolis and also bill for her travel time from Indianapolis to Northwest Indiana in this matter.  Ms. Philpot requests seven hours for travel time from Texas to Indianapolis, including driving time to the airport.  Ms. Philpot's total fees for travel from Texas to Indiana were $1200.00.  Ms. Philpot also includes the expense of an airline ticket from

11

Galveston to Indianapolis in the amount of $543.50 and mileage to the airport and a ride to and from the Galveston airport for total expenses of $608.00.  Thus, the School requests that the fees be reduced by $2008.00 for unreasonable travel fees and expenses. E.U. has not responded regarding this argument other than stating that "[l]itigation expenses include items such as expert witness fees, travel expenses, etc."   This court finds that the travel expenses are unreasonable and excessive and they will be reduced as requested.

The School next argues that E.U.'s request for attorney's fees is unreasonable because it includes fees and expenses incurred for duplicative and unnecessary participation by a second attorney, Ms. Michael.  The School points out that according to the affidavits filed with this court, Ms. Philpot is an experienced, capable attorney, and it was not necessary for her to have co-counsel at the hearing because it was not a complicated case.   The School claims that Ms. Michael's participation in the 504 hearing was minimal and unnecessary, as her participation was limited to a slight review of the record prior to the hearing and hearing attendance during which she did not questioning of witnesses.  The School points out that the first billed entry in this matter by Ms. Michael was May 23, 2007, two weeks before the hearing.  Ms. Michael's participation was then limited to two days before the hearing for minimal preparation, the two days of hearing and the closing argument.  Ms. Michael did not give opening arguments, did not question witnesses and only offered closing argument, billing for both its preparation and presentation.  Ms. Philpot also billed for preparation of closing argument, even though she did not participate in the presentation of the same.

E.U. contends that a second attorney was necessary due to the complexities of a Section 504 hearing and because the "deck was already stacked against the family because the school got

to pick its own hearing officer." E.U. claims that Ms. Michael actively drafted questions, reviewed past transcripts to spot Section 504 specific questions for witnesses and also assisted in the preparation of the closing.

E.U. also claims that the affidavit of Monica Conrad, which the School relies on to support its argument that Ms. Michael's efforts were duplicative, should be stricken in part. E.U. specifically objects to paragraphs six and seven of the Conrad affidavit, wherein Conrad states that Ms. Michael was not involved in any matters pertaining to the Article 7 or Section 504 hearing prior to May 24, 2007, and that Ms. Michael's only task at the Section 504 hearing was to present closing arguments. E.U. claims that these statements lack foundation and are speculative. However, as the school notes, Conrad's affidavit is supported by the record in this case. See May 15, 2007 letter to Sepiol from Philpot; Section 504 Decision, p. 1; May 24, 2007 letter to Sepiol from Philpot; BSEA Decision, p. 14; Docket Entry No. 27 (affidavit by Catherine Michael in support of fees); Docket Entry No. 26 and Exhibit 1 (affidavit by Dorene Philpot in support of fees and detailed billing statement). Accordingly, the motion to strike will be denied.

Clearly, the School should not bear the burden of double expenditures for attorney time. Tewksbury, 841 F. Supp. at 459. See also Maldonado v. Houston, 256 F.3d 181, 185 (3rd Cir. 2001). E.U. has not met her burden of showing that this double expenditure is reasonable. Washington v. Philadelphia Co. court of C.P., 89 F.3d 1031, 1035 (3rd Cir. 1996)  Therefore, summary judgment will be granted in favor of the School on this issue.

The School next contends that E.U.'s request for attorney's fees inappropriately include fees and expenses incurred for clerical work by an attorney. Expenses of a secretary as overhead is not properly considered a "cost." M.P. v. Noblesville Schs., 2004 WL 828242 at *17. While

13

postage and photocopies are recoverable costs, payment for time spent by a secretary in scheduling meetings or performing other tasks such as going to the post office are not recoverable costs.  Id.  Additionally, costs incurred by attorneys performing non-legal tasks may also be reduced.  See Tewksbury, 841 F. Supp. 449; Furtado v. Bishop, 635 F.2d 915, 920 (1st Cir. 1980)(reducing fees for work that should or could be assigned to a non-lawyer).  Time spent on clerical or secretarial tasks by attorneys should be compensated as a rate commensurate with the nature of the task.  Id.

     The School points out that Ms. Philpot included a variety of clerical items in her billing statement related to the Section 504 hearing.  For example, on May 27, 2007, Ms. Philpot bills 2.75 hours for "made five sets of exhibits and envelopes for IHO, Conrad and CMM and packaged for mailing", for a total of $481.25.  On May 28, 2007. Ms Philpot bills for .33 hours for "trip to post office to mail exhibit books" for a total of $58.44.   Ms. Philpot bills for "saved Word file as PDF, faxed to IHO and Conrad and cc'd client, co-counsel and printed confirmation" and "accepted delivery of school's exhibit books" for a total of $33.33 in attorney's fees on May 31, 2007.  On June 4, 2007, Ms. Philpot bills at her $200 hourly rate for "printed out copies of 28 pages IHO Decision for distribution at 504 hearing" and "printed out final draft of TP, transcript pages numbers (sic) for Conrad and Sepiol" for a total of $33.33.  Also, on June 10, 2007, an entry of "printed out Pueschel testimony from Article 7 and mailed to her pursuant to her request at 504 hearing" for $16.67 in fees.  On July 9, 2007, Ms. Philpot billed for "scanned in and emailed letter to client" for $14.58 in fees.  There are several entries on July 12, 2007, for non-legal tasks billed by Ms. Philpot including, "downloaded and printed copies of CMM appearance in 504 federal suit," "printed all documents for filing with court,

14

made copies, envelopes." and "trip to post office to mail court documents priority with confirmation," totaling $183.33 in fees. There are three additional entries totaling $50.00 on July 17 and 18, 2007 for telephone calls to the court and printing of the Complaint. The School asserts that these non-legal tasks included in Ms. Philpot's fee statement are clearly secretarial in nature and any award of attorneys' fees should be reduced accordingly. E.U. has not responded to this argument. Clearly, the School is correct on this point and the requested fees will be reduced.

Lastly, the School argues that E.U.'s request for expert fees in the amount of $900 should be denied as unreasonable. The School points out that a recent United States Supreme Court decision has held that prevailing parents may not recover the costs of experts or consultants. <u>Arlington Central Sch. Dist. Bd. of Educ. v. Murphy</u>, 126 S.Ct. 2455, 2461 (2006). E.U. has not provided any authority to contradict the School's position. The court will grant summary judgment in favor of the School on this point.

In summary, the court finds that E.U. is entitled to the following fees and expenses:

| | |
|---|---|
| Philpot Fees and Expenses for Section 404 Hearing | $ 14231.29 |
|     Less - Excluded Travel Expenses | 2008.00 |
|     Less - Excluded Expert Witness Costs | 900.00 |
|     Less - Excluded Clerical Costs | 870.93 |
| Philpot Total Reasonable Fees and Expenses | $ 10452.36 |
| Michael Fees and Expenses re: closing arguments | 720.00 |
| Subtotal: | $ 11172.36 |
| Deduct 50% for degree of success | 5586.18 |
| TOTAL FEE AWARD | $ 5586.18 |

<u>Conclusion</u>

15

On the basis of the foregoing, E.U.'s motion for summary judgment and her motion to strike are both hereby DENIED.  Further, the School's motion for summary judgment is hereby GRANTED.

E.U. is hereby GRANTED fees and expenses in the total amount of $5,586.18.  Fees and expenses associated with seeking attorney fees reimbursement will be determined after further briefing, in the event the parties are unable to settle the matter of fees.  If the parties reach a settlement, the Clerk's Office should be notified so that this case may be closed.

Entered: June   27 , 2008.

s/ William C.  Lee  
William C. Lee, Judge  
United States District Court